UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00496-FDW-DSC

| | |
|---|---|
| JOSEPH R. GALLEGOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROL MOLTON AND ) | |
| ALEX AZAR II, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for "Default Judgment" (Doc. No. 6) and a generic pleading that at least in part seeks dismissal of Defendant Carol Molton (Doc. No. 9). These documents were filed after this Court issued a Show Cause Order directing Plaintiff to Show Cause why this matter should not be dismissed for failure to serve the Summons and Complaint. (Doc. No. 4). Counsel for Defendants entered a special and limited appearance in this matter and submitted responses to Plaintiff's motions. (Doc. Nos. 8, 13). The Court has considered these responses in the limited capacity in which they were filed. To the extent those pleadings by defense counsel set forth a motion for dismissal, that motion is not properly before the Court and does not form the basis for this Court's ruling herein. See LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading.").

As an initial matter, the Court notes Plaintiff voluntarily seeks to dismiss Carol Molton as a party in this case. (Doc. No. 9, p. 1). Accordingly, the Complaint against Carol Molton is DISMISSED.

1

Consequently, the only remaining claims are against the former Secretary of Health and Human Services Alex Azar II, who is no longer with the Department of Health and Human Services. Accordingly, Xavier Becerra, the current Secretary of the Department of Health and Human Services, is automatically substituted in Azar's place. See Fed. R. Civ. P. 25(d).

Plaintiff, who appears pro se, seeks a "default judgment" against the Secretary. Under this record, however, Plaintiff has not carried his burden as required by the Court's Show Cause Order to demonstrate service of process in accordance with the Federal Rules of Civil Procedure and other applicable law. This means that entry of default pursuant to Rule 55(a) is not appropriate, and Plaintiff's motion must be denied.

Consequently, the Court returns to the Show Cause Order issued by the Court and concludes that based on the record before the Court, dismissal of the Complaint is appropriate. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A plaintiff may avoid dismissal for insufficient process or service of process by establishing proper process and service and bears the burden of establishing that service of process has been perfected in accordance with Rule 4. Scott v. Maryland State Dep't of Labor, 673 Fed. App'x 299, 303 (4th Cir. 2016); see also Danik v. Hous. Auth. of Baltimore City, 396 F. App'x 15, 16 (4th Cir. 2010); Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 3003361, at *2 (E.D.N.C. July 29, 2010) ("A plaintiff bears the burden of showing that the service of process, and the process itself, complies with the requirements set forth in Rule 4 of the Federal Rules of Civil Procedure."). A plaintiff's pro se status is insufficient to establish good cause justifying a failure

of service, even where the pro se plaintiff mistakenly believes that service was made properly. Hansan v. Fairfax Cty. School Bd., 405 Fed. Appx. 793, 794 (4th Cir. 2010).

While much of Plaintiff's filings are unintelligible, the Court liberally construes these pleadings as containing explanations of Plaintiff's attempts to serve the Secretary. In sum, Plaintiff asserts he "submitted the summons to the Department in a Certified Return Receipt." (Doc. No. 5, p. 1). Plaintiff indicates he obtained online tracking information that indicated his mail was delivered, and he concedes he has still not received the return receipt. Id. Putting aside the fact Plaintiff—a party—mailed the summons, nowhere in his responses does he indicate he served the *Complaint* at the same time or in the same manner. See Fed. R. Civ. P. 4(c). Construing all of Plaintiff's pleadings collectively, Plaintiff has not met his burden to demonstrate service of process on the Secretary despite the Court's warning of potential dismissal in the Show Cause Order, and—notably—Plaintiff has not requested additional time to do so. Rule 4(m) of the Federal Rules of Civil Procedure provides that if a party is not timely served, "the court—on motion or *on its own after notice* to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Emphasis added). The Show Cause Order gave Plaintiff a warning and an opportunity to cure, and Plaintiff failed to sufficiently respond or otherwise argue good cause for extending time to do so. Dismissal is therefore appropriate.

The Court finds that—under this record—the special appearance by counsel for Defendants does not change this result. See Scott, 673 F. App'x at 305–06 ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." (citing Crowley v. Bannister, 734 F.3d 967, 975 (9th Cir. 2013) ("Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal

3

jurisdiction if service was not made in substantial compliance with Rule 4."); Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992) ("Although 'minor' formal defects are excusable provided actual notice has been accomplished, ... the rule nevertheless must be accorded at least substantial compliance.")).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default (Doc. No. 6) is DENIED; Plaintiff's Motion to Remove Defendant Molton (Doc. No. 9) is GRANTED; and this matter is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: March 11, 2022

_____
Frank D. Whitney
United States District Judge